ELIZABETH W. McMILLAN, PLAINTIFF-APPELLANT, v.
ALEXANDER DALLAS, DEFENDANT-APPELLEE.

Submitted December 6, 1915—Decided March 6, 1916.

In an action of deceit brought by plaintiff because of certain material false representations made by defendant in selling to plaintiff shares of stock in a corporation, which representations were intended to be, and were, the inducing causes of the purchase, the trial court directed a nonsuit upon the grounds that the plaintiff had not shown the value of the stock, and hence had proved no damage.   It appeared from the testimony that defendant had procured grants of rights of way and terminals for an oil pipe line, and contracts for oil when produced, all of which were conditioned upon the construction of the pipe line within a certain period; that the corporation was then formed, all of its capital stock issued to defendant in consideration of the transfer of the rights-of-way grants and oil contracts; that the corporation never had any other assets; that the construction of the pipe line was never commenced, and that the charter rights of the corporation had probably lapsed.   *Held*, that the plaintiff was entitled to have the jury pass upon this testimony as establishing the worthlessness of the stock, and that the direction of a nonsuit was erroneous.

On appeal from the Supreme Court.

For the appellant, *Sidney W. Eldridge.*

For the appellee, *King & Vogt.*

The opinion of the court was delivered by

WHITE, J.   This is an appeal from a judgment of nonsuit entered in an action of *deceit,* brought by the plaintiff because

of certain material false representations made to her by the defendant in selling her forty-seven shares, at $50 per share, of the capital stock of the Independent Producers Union Pipe Line Company, a corporation, which representations were intended to be and were the inducing cause of the purchase.

The nonsuit was entered upon the ground that the plaintiff had not, in the opinion of the learned trial judge, shown the value of the stock, and, consequently, had not proved damage. An examination of the evidence convinces us that this was error.

The defendant, in the year 1904, and the beginning of 1905, procured grants of rights of way and terminals for an oil pipe line, one hundred and thirty-five miles long, to extend from the oil fields, at Coalings, to San Francisco bay, in the State of California, and contracts with oil producers for seven or eight million barrels of oil, at ten cents above the market price, for all of which rights of way, terminal privileges and contracts he expended, as he says, in cash and in his own services, between fifty and sixty thousand dollars. These right-of-way grants, terminal privileges and oil contracts were all conditioned, under pain of lapsing, upon the construction of the pipe line being commenced by the middle, and completed by the end, of the year 1905.

The defendant caused the corporation above mentioned to be incorporated in the District of Columbia, with a total authorized capital stock of $1,000,000, which was soon afterward increased to a million and a half dollars, all of which was issued to the defendant, or substantially to him, in consideration of the transfer of the conditional rights-of-way grants and oil contracts above mentioned. The corporation never acquired or had any other assets. This took place in the early part of 1905, and the plaintiff purchased her stock, partly in February and partly in August of that year. The construction of the pipe line was never commenced.

The defendant, at the trial, in answer to the question, "Is the company still the owner of these rights of way and contracts?" testified, "I think they have lapsed," and in answer to the interrogatory: "*Q.* Has Independent Producers Union

Pipe Line Company been dissolved?" answered: "*A.* Died of inanition, there being no funds it passed away;" and again: "*Q.* Has Independent Producers Union Pipe Line Company lost any of its charter rights, and if so, when were they lost?" said: "*A.* I presume they are lapsed."

It appeared that the continuing effect of the fraud lasted substantially until the trial, as the falsity of some of the representations was only then discovered by the plaintiff. It seems quite apparent, therefore, that the plaintiff was entitled to the benefit of whatever deductions the jury were justified in drawing from the above testimony as establishing the worthlessness of the stock in question. We think they would have been justified in finding from that evidence that the stock was in fact worthless at the time of the trial and within the period during which the fraud continued operative.

It is true that in an endeavor to avoid a nonsuit the plaintiff was permitted to reopen the case by recalling the defendant, who then testified to a rather vague transaction alleged to have taken place in 1905, whereby the assets of the Independent Producers Union Pipe Line Company were said to have been transferred to a new corporation to be formed, but which, in fact, never was formed, in consideration of which alleged transfer the Independent Producers company was to get $150,000 worth at par, of the proposed new company's $1,500,000 of stock, and that defendant had attempted to start to sue the four individuals, to whom he had handed said assets, for not forming the new corporation and delivering the $150,000 of its stock, as per alleged contract, but was unable to find a lawyer who would take the case. He says, however, that this nine-year stale possibility of a law suit against these four individuals is an asset of the Independent Producers Union Pipe Line Company, and while its only asset, is sufficient in law to negative the idea that the stock of that corporation is worthless. We disagree with this view. The very best that can be said for this testimony is that its weight as tending to counteract defendant's other testimony was for the jury to consider and determine.

The judgment is reversed and a *venire de novo* awarded.

*For affirmance*—BLACK, J.   1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GAR-RISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ.   14.